UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | | |
|---|---|---|
| **ANDREW ASTON, Individually and on Behalf of others similarly situated** *Plaintiff,* | § § § § | |
| **vs.** | § § | Civil Action No. 5:16-cv-420 |
| **GLOBAL PRISONER SERVICES, LLC** *Defendants.* | § § § § | |

## DEFENDANT GLOBAL PRISONER SERVICES, LLC'S MOTION TO DISMISS AND ORIGINAL ANSWER SUBJECT TO ITS MOTION TO DISMISS

TO THE HONORABLE DAVID EZRA:

Comes now, Global Prisoner Services, LLC ("Defendant"), Defendant in the above-referenced matter and files its Motion to Dismiss and Original Answer to Plaintiff's Original Complaint, Subject to its Motion to Dismiss, and in support thereof, respectfully shows the following:

### MOTION TO DISMISS

Defendant files this Motion to Dismiss and requests the Court to dismiss the suit of Plaintiff, Andrew Aston, Individually and on behalf of all other similarly situated employees of Defendant ("Plaintiffs") against Defendant for violations of the Fair Labor Standard Act because Plaintiff fails to state a claim upon which relief can be granted, as authorized by Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

### Introduction

Plaintiffs brought suit against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.,* (the "FLSA") complaining that Defendants failed to pay Plaintiffs for

overtime hours worked in excess of forty hours per week and for minimum wage violations. Plaintiffs' Original Complaint ¶ 1.

Defendant moves to dismiss Plaintiff's FLSA claims under Rule 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure as Plaintiff is exempt from the overtime requirements of the FLSA under the Motor Carrier Act exemption found in 29 U.S.C. §213(b).

## FACTUAL BACKGROUND

Defendant is engaged in the business of intrastate and interstate prisoner transport. It is authorized to do so, in part, pursuant to the Extradition Act, 18 U.S. Code §3182. In doing so, Defendant employs drivers, known as Extradition Officers, to perform transportation services of prisoners to and from requesting agencies. Extradition Officers are authorized to take custody, transport, and house prisoners in route to the requesting agency.

Defendant's transportation business is subject to the authority of the Secretary of Transportation (DOT) pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000 (also known as Jeanna's Act). Defendant's DOT number is 2844792. As part of its observance of DOT rules and regulations, Defendant maintains a random drug-testing program consistent with Department of Transportation guidelines.

## III.
## Argument

**A.      Standard**

A motion to dismiss is properly granted when a complaint provides "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations within the claim "must be enough to raise a right to relief above the speculation level." *Id*. The claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557. In determining whether a complaint states a claim that is plausible on its face, courts "draw on its judicial experience and common sense." *Ashcorft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court may rely solely on the complaint, the complaint and undisputed facts, or resolve disputed facts. *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *1 (S.D. Tex. Dec. 27, 2010). The court is generally limited to the complaint and documents attached thereto or referred to therein and attached to the motion to dismiss. *Id*.

Plaintiff allege that Defendant are covered entities under the FLSA because it is engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that had been moved and/or produced for commerce by any person. Plaintiff's Original Complaint ¶20. While Defendant admits it is engaged in commerce, Plaintiff and the proposed class are subject to the Secretary of Transportation pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000 (also known as Jeanna's Act) and are exempted from payment of overtime wages under the FLSA. This exception deprives this Court of subject matter jurisdiction warranting dismissal of Plaintiff's suit.

**B.     Plaintiff is Exempted from Overtime under the Interstate Transportation of Dangerous Criminals Act of 2000**

Plaintiff claims that Defendant violated the FLSA by failing to pay Plaintiff and other similarly situated overtime compensation. Plaintiff's Original Complaint ¶ 1. While the FLSA requires employers to compensate employees engaged in commerce for all hours worked over forty each week at the rate of one and one-half times their regular rate, the FLSA also specifically exempts certain employers and/or employees from its overtime requirements. 29 U.S.C. §207(a)(1), §213.

Plaintiff, and all other similarly situated employees, is exempt from the overtime requirements of the FLSA under the Motor Carrier Act ("MCA") pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000 (also known as "Jeanna's Act"). 49 U.S.C. §31502 and 42 U.S.C. §13726. Section 213(b)(1) of the FLSA provides as follows:

> The provisions of sections 207 of this title shall not apply with respect to (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49.

29 U.S.C. §213(b)(1); 49 U.S.C. §31502. Section 31502 provides that the Department of Transportation ("DOT") may prescribe requirements for qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation. 49 U.S.C. §31502(b)(2). This exemption applies to any driver, driver's helper, loader, or mechanic employed by a carrier, and whose duties affect the safety of operation of motor vehicles on the public highways in interstate or foreign commerce. 29 U.S.C. 213(b)(1). Furthermore, the Department of Transportation's requirements for maximum driving time are incorporated by reference and applicable to companies engaged in the business of

intrastate and interstate prisoner transport and therefore subject to the Interstate Transportation of Dangerous Criminals Act of 2000 (also known as "Jeanna's Act").  28 C.F.R. § 97.13.

      1.     *Defendant is Subject to the Secretary of Transportation's Jurisdiction*

The first part of the overtime exemption inquiry is what class Plaintiff's employer belongs to.  29 C.F.R. 782.2(a).  There is no dispute Plaintiff's job duties included the transportation of prisoners, primarily by vehicle.  Plaintiff's Original Complaint ¶14-15.  Accordingly, there can be no dispute Plaintiff and Defendant were subject to regulations promulgated pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000 (also known as "Jeanna's Act").  42 U.S.C. §13726.  In 2002, 28 C.F.R. Part 97 titled "Standards for Private Entities Providing Prisoner or Detainee Services" was promulgated pursuant to "Jeanna's Act."  The standards applicable to private prisoner transport companies include 28 C.F.R. § 97.13, which states:

> Companies covered under this part must adhere to the maximum driving time provisions applicable to commercial motor vehicle operators, as set forth in Department of Transportation regulations at 49 CFR 395.3[1] which will apply regardless of whether a private prisoner transport company is covered by Department of Transportation regulations.

28 C.F.R. § 97.13.  As such, section 97.13 provides the Secretary of Transportation the power to establish maximum hours of service for employees engaged in private prisoner transport.

---

[1] 49 C.F.R. § 395.3(a) states as follows:
    (a) Except as otherwise noted in §395.1, no motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, unless the driver complies with the following requirements:
    (1) Start of work shift.  A driver may not drive without first taking 10 consecutive hours off duty;
    (2) 14-hour period.  A driver may drive only during a period of 14 consecutive hours after coming on duty following 10 consecutive hours off duty.  The driver may not drive after the end of the 14-consecutive-hour period without first taking 10 consecutive hours off duty.
    (3) Driving time and rest breaks.
       (i) Driving time.  A driver may drive a total of 11 hours during the 14-hour period specific in paragraph (a)(2) of this section.
       (ii) Rest breaks.  After June 30, 2013, driving is not permitted if more than 8 hours have passed since the end of the driver's last off-duty or sleeper-berth period of at least 30 minutes.

Because Plaintiff and his employer provided prisoner transportation services and was subject to section 97.13, Plaintiff was therefore subject to the Secretary of Transportation's power to establish maximum hours of service and the exemption in section 213(b)(1) of the FLSA applies. The applicability of the FLSA exemption to an employee otherwise entitled to the benefits of the Fair Labor Standards Act is determined exclusively by the existence of the power conferred under section 204 of the Motor Carrier Act to establish qualifications and maximum hours of service with respect to him. *Southland Gasoline Co. v. Bayley*, 319 U.S. 44, 48 (1943); 29 C.F.R. §782.1. Accordingly, Plaintiff was exempted from the FLSA's overtime requirements.

The Secretary of Transportation's jurisdiction over Defendant's transportation of prisoners is further evidenced by the fact that the Department of Transportation provided Defendant with a DOT number, DOT 2844792, indicating that Defendant operates vehicles subject to the MCA. TEX. TRANSP. CODE §643.061.

2.  *Plaintiff Engaged in Activities that Directly Affect Operational Safety of Motor Vehicles in the Transportation of Prisoners*

The second part of the overtime exemption inquiry is whether Plaintiff "engage[s] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce" as defined by the MCA. 29 C.F.R. §782.2(a)(2). Neither the name given to his position nor that given to the work that he does is controlling for the purposes of satisfying the safety test. *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279 (5th Cir. 2014). Here, there is no dispute Plaintiff and other similarly situated employees transported prisoners by auto, van, or plane. Plaintiff's Original Complaint ¶4. As such, Plaintiff and the alleged FLSA class are all drivers affecting the safety of operations of motor vehicles. The nature of such transportation

necessarily makes each driver engaged in an activity that directly affects the safety of operation of a motor vehicle in interstate commerce.

**C.      Conclusion**

Plaintiff and other potential opt-in plaintiffs are/were engaged in work that is subject to the Secretary of Transportation pursuant to Jeanna's Act, and therefore all such parties are exempt from overtime requirements under 29 U.S.C. §213(b)(1).  Because Plaintiffs' claims are exempt from coverage under the FLSA, Plaintiff's claims should be dismissed.

<u>ORIGINAL COMPLAINT</u>

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each and every allegation contained in Plaintiff's Original Complaint except those expressly admitted herein.  Defendant admits that Plaintiff is bringing his claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., but denies that Plaintiff, or any alleged similarly situated parties are entitled to any relief thereunder.

<u>INTRODUCTION</u>

1.      Defendant admits that Plaintiff is bringing his claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., for failure to pay overtime and for minimum wage violations, but denies that Plaintiff, or any alleged similarly situated parties are entitled to any relief thereunder.

2.      Defendant admits that Plaintiff is attempting to bring claims on behalf of himself as well as other similarly situated current and former employees under the provisions of the FLSA but denies Plaintiff or any alleged similarly situated parties are entitled to any relief thereunder.

3.       Defendant admits paragraph 3.

4.      Defendant admits that Plaintiff was an "Extradition Agent" who was employed by Defendant as a driver who was assigned the duty of transporting prisoners by auto or van, and, at times, worked more than 40 hours per week. Defendant is without sufficient information with which to admit or deny the alleged facts as they are presented in paragraph 4 with regard to "similarly situated employees," and denies the remainder of paragraph 4.

5.      Defendant admits that Plaintiff was paid a flat amount for each day he worked and a per diem, and that it did not pay overtime for the hours Plaintiff worked over 40 in a work week. Defendant is without sufficient information with which to admit or deny the alleged facts as they are presented in paragraph 5 with regard to "similarly situated employees," and denies the remainder of paragraph 5.

6.      Defendant denies paragraph 6.

## JURISDICTION AND VENUE

7.      Defendant admits the Court has jurisdiction over this matter, but denies it has violated, or is even subject to the FLSA.

8.      Defendants admits venue is proper in the San Antonio Division of the Western District of Texas, but denies there were any "events or omissions giving rise to the claims sued upon herein."

## PARTIES

9.      Defendant admits that Plaintiff is an individual and a former employee of Defendant, that he was paid a day rate and a per diem, and that he was not paid overtime for the hours he worked over 40 in a work week. To the extent necessary, all other allegations in paragraph 9 are denied.

10. Defendant admits that a document referred to as a "written consent" purportedly bearing Plaintiff's signature is attached to the Complaint as Exhibit "A."

11. Defendant admits the allegations in paragraph 11 of the Complaint.

## FACTS

12. Defendant admits it operates in Texas under the assumed name Texas Prisoner Transportation Services, but denies the remainder of paragraph 12.

13. Defendant admits it performs work throughout the United States. Defendant is without sufficient information with which to admit or deny the alleged facts as they are presented in paragraph 13 with regard to Plaintiff's claim that "Defendant employs a large workforce," and denies the remainder of paragraph 13.

14. Defendant denies any claim or implication by Plaintiff in paragraph 14 that Defendant purchased Texas Prisoner Transportation Division, LLC. Defendant admits Plaintiff, Andrew Aston, worked for Texas Prisoner Transportation Division, LLC at its location in Thrall, Texas, prior to beginning work for Texas Prisoner Transportation Services, and that Aston subsequently worked for Texas Prisoner Transportation Services between March 3, 2016 and April 29, 2016. Defendant admits that Plaintiff was employed by Texas Prisoner Transportation Services as a Senior Extradition Agent and earned $120 per day, in addition to which he was paid a $60 per day per diem. Defendant further admits that Plaintiff's job duties consisted of transporting prisoners.

15. Defendant admits Plaintiff primarily transported prisoners by vehicle, consisting mainly of automobiles and minivans that weighed less than 10,000 lbs. Defendant admits Plaintiff occasionally transported prisoners by commercial airline. Defendant admits Plaintiff occasionally worked in excess of 100 hours per week. Defendant is without sufficient

information with which to admit or deny the alleged facts as they are presented in paragraph 15 with regard to "similarly situated employees," and denies the remainder of paragraph 15.

16.   Defendant denies Plaintiff's allegations in paragraph 16.

## APPLICABILITY OF THE FLSA

17.   Defendant admits it has annual gross volume of sales made or business done of $500,000 or greater, but denies the remainder of paragraph 17.

18.   Defendant admits Plaintiff was an employee and was involved in interstate commerce, but denies that it is subject to the FLSA.

19.   Defendant denies paragraph 19.

20.   Defendant admits that it has employed two or more persons, including Plaintiff, and that Defendant was engaged in commerce.  Defendant denies the remainder of paragraph 20.

21.   Defendant denies paragraph 21.

22.   Defendant admits that Plaintiff alleges that Defendant's uniform payroll practice violates the overtime and minimum wage provisions of the FLSA, but denies that it has violated the minimum wage provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

23.   Defendant admits that Plaintiff is attempting to bring claims on behalf of himself, as well as other similarly situated current and former employees pursuant to 29 U.S.C. §216(b), but denies Plaintiff or any alleged similarly situated parties are entitled to any relief under the FLSA.

24.   Defendant admits that certain employees are or were paid a day rate and a per diem and that Plaintiff was paid a day rate and a per diem. Defendant denies the remainder of the allegations in paragraph 24.

25. Defendant admits that Plaintiff was not paid overtime. Defendant denies the remainder paragraph 25.

26. Defendant denies paragraph 26.

27. Defendant admits that Plaintiff at times worked in excess of 40 hours per week and that Plaintiff sometimes worked in excess of 100 hours per week.  Defendant is without sufficient information with which to admit or deny the alleged facts as they are presented in paragraph 27 with regard to "similarly situated employees," and denies the remainder of paragraph 27.

28. Defendant denies paragraph 28.

29. Defendant admits paragraph 29.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant denies paragraph 32.

33. Defendant admits Plaintiff is seeking to represent a collective action, but denies Plaintiff has that right.

34. No admission or denial is required in response to paragraph 34.

## DEFENSES

35. Defendant pleads Plaintiff and other similarly situated employees are exempt under Section 213(b) of the Fair Labor Standards Act.

36. Defendant pleads it is in full compliance with the FLSA and state wage-and-hour payment provisions.

37. Defendant pleads collective or class action relief is not appropriate because Defendant did not act pursuant to a uniform policy or plan.

38. Defendant pleads Plaintiff is not similarly situated to putative collective action individuals whom he purports to represent.

39. Defendant pleads Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 23 to certify the class.

40. Defendant pleads the collective or class action relief is not appropriate because individual liability and damages issues predominate over issues generally applicable to the class or collective action.

41. Defendant pleads plaintiff and putative class members are not entitled to prejudgment interest, even if they prevail.

42. Defendant pleads Plaintiff has failed to state a claim for relief.

43. Defendant pleads Plaintiff has failed to exhaust administrative remedies.

44. Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## DEMAND FOR TRIAL BY JURY

45. Defendant admits Plaintiff has requested a trial by jury.

## PLAINTIFF'S PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in his prayer for relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Global Prisoner Services, L.L.C. respectfully prays as follows: 1. That the Complaint be dismissed with prejudice and that plaintiffs and the proposed class take nothing thereby; 2. That the purported class not be

certified; 3. That judgment be entered in favor of defendant and against plaintiff on all claims; 4. That defendant be awarded its attorneys' fees and costs incurred in defense of this action; and 5. For such other and further relief as the Court deems proper.

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW, LLC**
Bank of America Plaza
300 Convent Plaza, Suite 1450
San Antonio, Texas 78205
Tel. (210) 224-9991; Fax (210) 226-1544
Email: pmckinney@hdr-law.com

By:  /s/ Phillip A. McKinney_____
Phillip A. McKinney, Attorney in Charge
Federal I.D. 13867
State Bar No. 13723200
*Attorneys for Defendant Global Prisoner Services, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 10, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**VIA CM/ECF**
Phillip Bohrer
Scott E. Brady
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
phil@bohrerbrady.com
scott@bohrerbrady.com

Michael A. Josephson
Lindsay R. Itkin
Andrew W. Dunlap
FIBICH, LEEBRON, COPELAND,
  BRIGGS & JOSEPHSON
1150 Bissonet
Houston, Texas 77005
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

                                                  /s/ Phillip A. McKinney_____
                                                  Phillip A. McKinney