UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREW ASTON, Individually and on behalf of others similarly situated, | § § § | No. 16-CV-420-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| GLOBAL PRISONER SERVICES, LLC, | § § § | |
| Defendant. | § § | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant Global Prisoner Services, LLC ("GPS" or "Defendant"). (Dkt. # 6.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** Defendant's Motion to Dismiss (Dkt. # 6).

BACKGROUND

GPS is a Tennessee corporation that provides prisoner transportation services in Texas and across the United States.  ("Compl.," Dkt. # 1 ¶¶ 3, 11.)  In Texas, GPS does business as Texas Prisoner Transportation Services.  (Id. ¶ 11.) GPS employed Plaintiff Andrew Aston as an Extradition Agent who was

1

responsible for transporting prisoners via auto, van, or plane across the United States. (<u>Id.</u> ¶¶ 4, 15−16.)

Plaintiff alleges that he regularly worked more than 40 hours per week and that Defendant failed to compensate him at the required overtime rate for such work under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, <u>et seq.</u> (<u>Id.</u> ¶¶ 4, 6.) Plaintiff specifically alleges that GPS paid a flat amount for each day worked as well as a per diem, but that Defendant did not pay overtime wages for hours worked in excess of 40 per week. (<u>Id.</u> ¶ 5.) Plaintiff further alleges that similarly situated Extradition Agents were also not paid overtime for hours worked in excess of 40 hours per week. (<u>Id.</u> ¶¶ 4−5.)

On May 5, 2016, Plaintiff filed a Complaint on behalf of himself and all others similarly situated, alleging violations of the FLSA. (<u>Id.</u> ¶¶ 1−2.) Plaintiff seeks unpaid overtime wages, compensation for payments below the minimum wage, as well as liquidated damages. (<u>Id.</u> ¶¶ 26, 30, 32.)

On June 10, 2016, Defendant filed the Motion to Dismiss and an Answer. (Dkt. # 6.) On June 24, 2016, Plaintiff filed a Response. (Dkt. # 8.) On July 19, 2016, Plaintiff filed a Motion for Conditional Certification and Notice to Potential Class Members. (Dkt. # 15.)

LEGAL STANDARDS

I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject matter jurisdiction exists.  Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

If the defendant submits no evidentiary materials with its 12(b)(1) motion, the trial court looks to the sufficiency of the allegations in the complaint, which are assumed to be true.  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc., 778 F.3d 502, 504 (5th Cir. 2015) (distinguishing a "facial" attack on a court's subject matter jurisdiction from a "factual" attack made on the basis of affidavits or other evidentiary materials).  If the defendant submits affidavits, testimony, or other evidentiary materials, the court may consider and resolve disputes of fact, and the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence.  Superior MRI, 778 F.3d at 504; Greenstein, 691 F.3d at 714.

3

II.    <u>Motion to Dismiss for Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  <u>United States ex rel. Vavra v. Kellogg Brown & Root, Inc.</u>, 727 F.3d 343, 346 (5th Cir. 2013) (quoting <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  On a motion to dismiss for failure to state a claim, a district court's review is limited to the complaint, documents incorporated into the complaint by reference that are central to the plaintiff's claims, and matters of which a court may take judicial notice.  <u>Funk v. Stryker Corp.</u>, 631 F.3d 777, 783 (5th Cir. 2011).

<u>DISCUSSION</u>

Defendant has moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule

4

12(b)(6).  Defendant argues that Plaintiff and those similarly situated are exempt from the overtime requirements of the FLSA under the Motor Carrier Act ("MCA") exemption codified at 29 U.S.C. § 213(b)(1), and that the Court therefore lacks subject matter jurisdiction over Plaintiff's claims.  (Dkt. # 6 at 3.)

Known as the MCA Exemption, § 213(b)(1) relieves an employer from the obligation to pay overtime wages for "any employee with respect to whom the Secretary of Transportation [("the Secretary")] has power to establish qualifications and maximum hours of service pursuant to the provisions of [the MCA codified at 49 U.S.C. § 31502]."  The MCA, in turn, states that "[t]he Secretary . . .  may prescribe requirements for qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety operation."  49 U.S.C. § 31502(b)(2).  Pursuant to this authority, the Secretary has promulgated a regulation explaining that the § 213(b)(1) exemption "depends both on the class to which his employer belongs and on the class of work involved in the employee's job.  29 C.F.R. § 782.2(a). The regulation specifically states that the Secretary's power extends only to a class of employees who,

> (1) [a]re employed by carriers whose transportation of
> passengers or property by motor vehicle is subject to his
> jurisdiction under section 204 of the [MCA]; and
>
> (2) engage in activities of a character directly affecting the safety
> of operation of motor vehicles in the transportation on the public

> highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

Id.; Allen v. Coil Tubing Servs., LLC, 755 F.3d 279, 283 (5th Cir. 2014) (noting that an employee must meet both qualifications for the motor carrier exemption to apply). Defendant claims that regulations promulgated pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000 ("Jeanna's Act"), 42 U.S.C. § 13726b, specifically subjects Plaintiff and those similarly situated to the authority of the Secretary under the MCA and thus makes them exempt from overtime compensation pursuant to the § 213(b)(1) exemption.

Jeanna's Act states that "the Attorney General . . . shall promulgate regulations relating to the transportation of violent prisoners in or affecting interstate commerce." 42 U.S.C. § 13726b(a). Acting under this authority, the Attorney General promulgated a regulation stating,

> Companies covered under this part must adhere to the maximum driving time provisions applicable to commercial motor vehicle operators, as set forth in Department of Transportation regulations . . . which will apply regardless of whether a private prisoner transport company is covered by Department of Transportation regulations.

28 C.F.R. § 97.13. As a result of this regulation, Defendant argues that because the MCA exemption found in 29 U.S.C. § 213(b)(1) applies to Plaintiff, the Court lacks subject matter jurisdiction and Plaintiff fails to state a claim.

I.    <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Since Defendant seeks dismissal on the basis of both a lack of subject matter jurisdiction and for failure to state a claim, the Court must first consider the Rule 12(b)(1) jurisdictional attack.  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).  "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  <u>Id.</u>  Defendant argues that the MCA exemption deprives the Court of subject matter jurisdiction over Plaintiff's FLSA claim.  (Dkt. #6, at 3.)

Federal question jurisdiction is properly invoked by pleading a claim "arising under" the laws of the United States.  <u>See</u> <u>Bell v. Hood</u>, 327 U.S. 678, 681−685 (1946); 28 U.S.C. § 1331; U.S. Const. art. III.  A claim "arises under" the laws of the United States when a "well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. Of State of Cal. For Southern Cal.</u>, 463 U.S. 1, 27−28 (1983). Plaintiff's claim arises under the laws of the United States, as it is brought pursuant to the private right of action in the FLSA, 29 U.S.C. § 216(b).

Further, "[w]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 516 (2006).  Indeed, "[n]othing

in § 213 [of the FLSA] suggests that district courts are deprived of subject matter jurisdiction to hear claims implicating the exemptions provided for under that provision." Morgan v. Rig Power, Inc., No. 7:15-cv-73-DAE; 2015 WL 6506953, at *3 (W.D. Tex. 2015).  Determining whether the MCA exemption under § 213(b) applies to Plaintiff's FLSA claims is not a jurisdictional question, and is more appropriately addressed at the merits stage.  Id.; McLeland v. 1845 Oil Field Servs., 97 F. Supp. 3d 855, 860 (W.D. Tex. 2015); Vanzzini v. Action Meat Distribs., Inc., 995 F. Supp. 2d 703, 711−12 (S.D. Tex. 2014) (considering the MCA exemption an affirmative defense decided at the summary judgment stage). Because Plaintiff's claims are brought pursuant to the private right of action provided for under 29 U.S.C. § 216(b), they arise under the laws of the United States, and the Court has subject matter jurisdiction under 28 U.S.C. § 1331.  The Court therefore **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

II.    Motion to Dismiss for Failure to State a Claim

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff falls into the class of employees who are exempt from the overtime compensation requirements of 29 U.S.C. § 207(a)(1).

To state a prima facie claim for relief pursuant to 29 U.S.C. § 207(a)(1), a plaintiff must state that he or she was or is (1) employed by the

defendant; (2) engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce; (3) worked a workweek in excess of forty hours; and (4) received compensation less than one and one-half times the regular rate at which he or she is employed.  29 U.S.C. § 207(a)(1).

As to the first element, Plaintiff alleges that he worked for GPS at its Thrall, Texas, location from March 3, 2016 to April 29, 2016.  (Compl. ¶¶ 14, 18.) Plaintiff next contends that he and GPS are engaged in interstate commerce because he transported prisoners "throughout the United States" using automobiles, vans weighing less than 10,000 pounds, and commercial airlines.  (Id. ¶¶ 14−16.)  Plaintiff further alleges that he was paid $120 per day in addition to a $60 per diem (id. ¶ 14), and that such a "uniform payroll practice violates the overtime and minimum wage provisions of the FLSA."  (Id. ¶ 22.)  Finally, Plaintiff states that he has "regularly worked in excess of 40 hours per week [and] often in excess of 100 hours per week," but never received overtime compensation for those hours worked in excess of forty per week.  (Id. ¶¶ 27−29.)  Accordingly, the Court finds that Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

Defendant argues that Plaintiff failed to state a claim because Plaintiff and those similarly situated are exempt from the FLSA's overtime compensation

requirement due to the MCA exemption found at 29 U.S.C. § 213(b)(1).  (Dkt. #6 at 4.)  This argument is a fact-based assertion that goes to the merits of Plaintiff's claims and requires factual determinations not appropriate on a motion to dismiss. Instead, the applicability of an exemption is better suited for summary judgment. See McLeland, 97 F. Supp. 3d at 861 (finding that the MCA exemption argument is not appropriate at the motion to dismiss stage, because the exemption is an affirmative defense requiring discovery and factual development); Vanzzini, 995 F. Supp. 2d at 711−12 (considering the MCA exemption an affirmative defense and addressing the exemption on summary judgment); Morgan, 2015 WL 6506953 at *4.  Accordingly, the Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

## CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's Motion to Dismiss.  (Dkt. # 6.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 29, 2016.

_____

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE